UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBRA GASTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-4094 |
| | § | |
| WAL-MART STORES TEXAS, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Before the Court are the plaintiff's, Debra Gaston (the "plaintiff"), motion to remand (Docket Entry No. 7), the defendants', Wal-Mart Stores Texas, LLC, Wal-Mart Stores Texas 2007, LLC, Wal-Mart Stores, Inc. (collectively "Wal-Mart")[1] and Carey Richardson ("Richardson"), response (Docket Entry No. 10) and the plaintiff's reply (Docket Entry No. 13). After having carefully considered the motion, response and the applicable law, the Court is of the opinion that the plaintiff's motion to remand should be **DENIED**.

### II.    FACTUAL BACKGROUND

On November 11, 2009, the plaintiff filed an Original Petition in the 127th Judicial District Court of Harris County, Texas, against Wal-Mart and Richardson, a Wal-Mart assistant store manager (collectively referred to as the "defendants"), alleging damages for personal injuries allegedly sustained as a result of an incident that occurred when she was a patron at Wal-Mart Store No. 522 in Crosby, Texas on December 18, 2007.   In her First Amended Original Petition, the plaintiff alleges that on December 18, 2007, while standing in the aisle of the baby

---

[1] The defendants contend "Wal-Mart Stores, Inc." and "Wal-Mart Stores Texas 2007, LLC", have been incorrectly named and that the proper name for these defendants is Wal-Mart Stores Texas, L.L.C.

section of Wal-Mart Store No. 522, several heavy boxes of diapers suddenly fell from an elevated storage area striking her in the face, head, neck, shoulders and back, causing her to sustain significant injuries.  During this time, she contends that a tall, A-frame ladder used by Wal-Mart's employees for stocking and retrieving merchandise had been set against the overhead diaper boxes.  She also alleges that, at the time of the incident, Richardson was the operator, manager and in control of the premises and that he possessed an independent duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees like her.  She further alleges that, at all times material hereto, Richardson was acting within the course and scope of his employment with Wal-Mart.  Although she does not specifically set forth the amount of damages she seeks to recover in her petition, she does allege that she has incurred the following damages as a result of the defendants' acts and/or omissions: past and future reasonable and necessary medical care expenses; past and future physical pain and suffering; past and future mental anguish; past and future physical impairment; past and future loss of earnings; and past and future scarring disfigurement.  She also seeks to recover costs of court and pre-judgment and post-judgment interest.

On December 23, 2009, the defendants filed their Notice of Removal, pursuant to 28 U.S.C. § § 1441 and 1446, removing the state court action to this Court on the basis of diversity of citizenship, alleging that complete diversity of citizenship exists among the properly joined parties and that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.[2]  The parties do no dispute that Wal-Mart is an entity organized and existing under the laws of the State of Delaware with its principal place of business located in the State of Arkansas.  Nor is it disputed that Richardson, like the plaintiff, is a citizen of the State of Texas.

---

[2] Removal is timely in that the defendants were served with a copy of the plaintiff's citation and original petition on November 24, 2009.

Rather, Wal-Mart contends that Richardson's citizenship should be disregarded for jurisdictional purposes because he was improperly joined as a defendant in this case, as no reasonable possibility exists that the plaintiff can recover against him, in his individual capacity, for the claims alleged.  Wal-Mart further alleges that given the severity of the plaintiff's alleged injuries, it is facially apparent that the amount in controversy in this case exceeds $75,000 and the plaintiff's refusal to execute a proposed Agreed Stipulation limiting her damages to an amount not to exceed $75,000, confirms this fact.

On March 4, 2010, the plaintiff filed the instant motion to remand, objecting to Wal-Mart's removal of the state court action on the basis of diversity of citizenship and further asserting that Richardson was properly joined as a defendant in this lawsuit.  As a consequence, the plaintiff argues that federal jurisdiction is lacking and this case should be remanded to the state court from whence it came.

## III.   CONTENTIONS OF THE PARTIES

### A.   The Plaintiff's Contentions

The plaintiff asserts that removal of this case was improper because it does not involve a federal question and complete diversity of citizenship is lacking.  The plaintiff contends that Wal-Mart is unable to meet its heavy burden of demonstrating that she has no reasonable possibility of recovering against Richardson for the claims alleged.  She further contends that since Richardson is a citizen of the state of Texas and a properly joined defendant in this case, his presence violates the statutory prohibition on removal of diversity lawsuits pursuant to 28 U.S.C. § 1441(b).  Accordingly, the plaintiff contends that this case should be remanded to the state court where it was originally filed.

### B.      The Defendants' Contentions

The defendants' contend that there is no reasonable possibility that the plaintiff can recover against Richardson, since she has failed to allege any facts that if taken as true would establish that Richardson owed her any independent duty of care.  As a consequence, the defendants argue that Richardson was improperly joined in this lawsuit by the plaintiff for the sole purpose of defeating diversity and depriving this Court of jurisdiction.  Thus, the defendants contend that the Court should disregard Richardson's citizenship for purposes of determining complete diversity of citizenship and deny the plaintiff's motion to remand.

## IV.    STANDARD OF REVIEW

The applicable statute provides two grounds for remand:  (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L.Ed.2d 461 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion.  28 U.S.C. § 1447(c).  Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction.  *See* 28 U.S.C. 1441(a).  The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists.  *See* 28 U.S.C. § 1332(a).  "It is well-established that the diversity statute requires 'complete diversity' of citizenship:   A district court generally cannot exercise diversity jurisdiction if one of the

plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)).  In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of parties that have been improperly joined.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 - 73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L.Ed.2d 755 (2005).  Nevertheless, the burden of establishing fraudulent or improper joinder rests on the party asserting it and is indeed a heavy burden.  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood*, 385 F.3d at 573.  In this case, the parties do not dispute that Richardson is a Texas resident, thus the Court's analysis will focus only on the second prong of this test.  Under the second prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id.* (citing *Irby*, 326 F.3d at 647 – 48).  "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."  *Smallwood*, 385 F.3d at 573.

In assessing whether a defendant has been improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 -

309 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor."

*Guillory*, 434 F.3d at 308 (internal citations omitted).  In this regard, the court is not required to

"determine whether the plaintiff will actually or even probably prevail on the merits of the claim,

but look only for a possibility that the plaintiff might do so."  *Id.* at 309 (internal citations

omitted).

When determining the possibility of recovery under state law, the court is permitted to

conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to

determine whether the complaint states a claim under state law against the in-state defendant."

*Smallwood*, 385 F.3d at 573 (internal citations omitted).  "Ordinarily, if a plaintiff can survive a

Rule 12(b)(6) challenge, there is no improper joinder."  *Id.*; *Guillory*, 434 F.3d at 309.  In cases

"in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would

determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings

and conduct a summary inquiry."  *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco,

Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000); *accord Guillory*, 434 F.3d at 309.  This summary

inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would

preclude plaintiff's recovery against the in-state defendant."  *Smallwood*, 385 F.3d at 573 – 74

(citing *Irby*, 326 F.3d at 648 – 49).  The Fifth Circuit, nevertheless, has cautioned "district courts

against "pretrying a case to determine removal jurisdiction."  *Cavallini v. State Farm Mut. Auto

Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (internal citation omitted).

## V.      ANALYSIS AND DISCUSSION

Here, the plaintiff does not move for remand based on a procedural defect in the

defendants' removal procedure nor does she contend that the requisite amount in controversy is

lacking.  Instead, she contends that remand in this case is appropriate due to the lack of complete diversity of citizenship between her and the in-state defendant, Richardson.  It is undisputed that the plaintiff and Richardson are both Texas citizens.  Thus, subject matter jurisdiction in this case is lacking unless the defendants can meet their heavy burden of showing that Richardson was improperly joined.  *Smallwood*, 385 F.3d at 572 – 73; *see also Guillory*, 434 F.3d at 307 - 08.  Since the defendants do not allege actual fraud in the plaintiff's pleading of jurisdictional facts, the issue of improper joinder in this case hinges on whether the defendants can establish that there is no possibility of recovery by the plaintiff for the state-law causes of action alleged against Richardson, the in-state defendant.  *See Guillory*, 434 F.3d at 308 (citing *Smallwood*, 385 F.3d at 573).  "This possibility, however, must be reasonable, not merely theoretical."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citing *Badon v. RJR Nabisco, Inc*., 236 F.3d 282, 286 n.4 (5th Cir. 2001)).

When evaluating the possibility of whether a plaintiff can establish a claim against an in-state defendant, district courts are to apply the substantive law of the forum state.  *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed.1188 (1938)); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).  "And the court is 'bound to apply the law as interpreted by the state's highest court.'"  *Hughes*, 278 F.3d at 421 (citing *Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 928 (5th Cir. 1995) (quoting *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)).  In this case, Texas law is applicable.

In her First Amended Original Petition, the plaintiff alleges claims of negligence/premise liability against Richardson.  Specifically, she alleges the following:

> At the time of the incident, Defendant Carey Richardson was the operator of the premises in question, he managed the premises in question, he

controlled the premises in question, and he had an independent duty to maintain the premises in a condition that would not poses an unreasonable risk of harm to business invitees, including Plaintiff.  At the time of the incident, Defendant Richardson was employed as manager by the subject Defendant WAL-Mart store and he was in the course and scope of his employment for WAL-MART.

Defendant Richardson owed an independent legal duty to Plaintiff, breached his duty to Plaintiff, and his breach proximately caused Plaintiff's injuries.  Defendant Richardson owed Plaintiff an independent duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees, including Plaintiff. Defendant Richardson was negligent and breached his duty of care to Plaintiff by:

1.    Failing to store merchandise in a safe manner;
2.    Failing to secure merchandise in a safe manner;
3.    Failing to use adequate merchandise restraints;
4.    Placing and/or leaving the ladder leaning against overhead merchandise;
5.    Failing to safely store and/or secure its ladder;
6.    Failing to eliminate unstable merchandise;
7.    Failing to remove the leaning ladder from the aisle;
8.    Failing to maintain its premises in a reasonably safe condition;
9.    Failing to warn Plaintiff of a dangerous condition;
10.   Failing to provide a safe shopping environment;
11.   Failing to follow safety policies and procedures in ladder use and storage;
12.   Failing to follow safety policies and procedures in merchandise storing, securing and retrieving; [and]
13.   Failing to inspect its premises to discover latent defects or other dangerous conditions.

(Docket Entry No. 1, Ex. A; Pl.'s First Am. Pet. § VII. at 4 -5.)

She also alleges that Richardson "knew, or in the exercise of ordinary care should have known, that he was not safely and properly storing the merchandise, securing the merchandise, and storing the ladder, thus creating a serious risk of harm to Plaintiff and other similarly situated shoppers in the general public."  (*Id.* at 6.)  Further, she contends that "[h]is acts and omissions constitute negligence that proximately caused [her] injuries and damages."  (*Id.*)

In her motion to remand, she argues that removal of the instant action was improper; Richardson has been properly joined as a defendant in this case because Texas law permits a cause of action against him, in his individual capacity, for the claims alleged by her; and remand of this case is warranted in light of the Fifth Circuit's decision in *Valdes v. Wal-Mart*, Nos. 97-20179, 97-20610, 1998 WL 648571 at *5 (5th Cir. Sept. 4, 1998).

In *Valdes*, the plaintiff commenced an action against Wal-Mart, Terry Williams, its general store manager, and another business owner for damages arising from her abduction at knife point from a Wal-Mart parking lot and subsequent rape. *Id.* at *1. "With regard to Williams, [the plaintiff] alleged that, by virtue of his position as general manager, he owed a separate Texas law duty to store patrons to exercise ordinary care in recognizing and taking steps to remedy, those situations and conditions on the store premises-including the parking lot-that posed an unreasonable risk of harm to customers." *Id.* She further alleged that "Williams had failed to take any action either to warn or to provide adequate security for store patrons." *Id.* The defendants timely removed the case to federal court asserting that "Williams had been fraudulently joined as a defendant 'solely for the purpose of defeating diversity jurisdiction' and that Valdes' original petition contained 'no allegations' that 'would result in personal liability of Mr. Williams.'"*Id.* Thereafter, the plaintiff moved to remand the case to state court and the district court denied her motion. *Id.* at *1 - 2. The Fifth Circuit reversed the district court's decision holding that the plaintiff's "allegation that [the individual non-diverse defendant], by virtue of his position as store manager, had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees is sufficient to demonstrate a reasonable possibility that a Texas court would recognize this duty." *Id.* at 5.

The Fifth Circuit based its reasoning, at least in part, on the fact that the *Selph* case, *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883 (Tex. Civ. App.- Beaumont 1952, writ ref'd n.r.e.), had not been clearly overruled and the Texas court of appeals, in the case of *Wal-Mart Stores, Inc. v. Deggs*, 971 S.W.2d 72, 75 (Tex. App.-Beaumont 1996), *rev'd on other grounds*, 968 S.W.2d 354 (Tex. 1998), had "cited [it] as good law, stating that as 'general manager, we know of no reason why [defendant] should not be considered as the operator of the premises in question. . . . [and further held that the store manager] . . . as the operator of the premises in question, had the duty to maintain the premises in a condition that would not pose an unreasonable risk of harm.'" *Valdes*, 1998 WL 648571 at \*5 (quoting *Deggs*, 971 S.W.2d at 75) (other citations omitted)). Nevertheless, in reaching its decision, the Fifth Circuit distinguished *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996), a case primarily relied on by the defendants in the case *sub judice*, and noted the following:

> If read broadly, the principles of *Leitch* might well undermine *Selph*.  It is unclear why [the general store manager] personally would not owe a duty to [the plaintiff] if she had been a Wal-Mart employee, but would owe such a duty to her as a Wal-Mart customer, though Wal-Mart itself would owe the duty-and presumably could not delegate it to [the general store manager]-in either case.  *But Leitch was not a premises case and we cannot say with full confidence that it will be applied outside of the employer-employee context.  Nothing in it expressly reflects that it would be so extended.*

*Valdes*, 1998 WL 648571 at \*5 n.6 (emphasis added).

In their response in opposition to the plaintiff's motion to remand, the defendants argue that the Texas Supreme Court's holding in *Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005), a case issued subsequent to *Valdes*, extends the applicability of *Leitch* to premise liability cases involving invitor-invitee circumstances, such as the case at bar.  *Tri*, 162 S.W.3d at 562 – 563. The defendants contend that following the *Tri* decision, Texas courts have cited *Leitch* in premise liability cases reasoning that corporate agents and/or officers were not liable in their

individual capacities in the absence of an independent duty owed to the plaintiff.  The defendants argue that the holdings in *Leitch* and *Tri* obliterate the plaintiff's possibility of recovery against Richardson for the facts alleged in this case.  They maintain that, despite her allegation to the contrary, the plaintiff has failed to allege any facts or contentions that would support her allegation that Richardson owed her an independent duty of any kind separate and apart from Wal-Mart's duty.  They further contend that although the plaintiff asserts a laundry list of negligent acts and/or omissions allegedly committed by Richardson which caused the incident and her injuries, she uses the same laundry list to describe the negligent acts and/or omissions allegedly committed by Wal-Mart.  Finally, they argue that fatal to the plaintiff's argument that Richardson owed her an independent duty is her contention that "[a]t the time of the incident, [Richardson] was employed as a manager by [WAL-MART] and he was in the course and scope of his employment for WAL-MART."  (Docket Entry No. 1, Ex. A; Pl.'s First Am. Pet. § V. at 3.)  This Court agrees.

"By extending the holding in *Leitch* to premise liability actions, the *Tri* court resolved the concern of the Fifth Circuit in *Valdes*."  *Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp.2d 476, 481 (S.D. Tex. 2008).  Notably, in *Tri*, the Texas Supreme Court stated the following:

> The defendants are correct that a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation.  Corporations can, of course, only act through individuals.  We explained in *Leitch v. Hornsby* when individual liability will be imposed and when it will not.  '[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.' . . . [In *Leitch*] [w]e held that the actions or inactions of the individuals were actions or inactions 'within their capacities as officers' of Hornsby's corporate employer and that the individuals 'had no individual duty as corporate officers to provide Hornsby with a safe workplace.'  The individuals were not liable for their negligence because they 'did not breach any separate duty' to Hornsby.  Only their corporate employer was liable for their negligence.

>The existence of a legal duty is a question of law for the court to decide, and that determination is made 'from the facts surrounding the occurrence in question.' . . .

*Tri*, 162 S.W.3d 552, 562 – 63 (internal citations omitted).  In applying the law as interpreted by the Texas Supreme Court, as it is bound to do, this Court finds the reasoning stated in *Tri* instructive here.  Because the plaintiff has failed to allege facts that would support the existence of an independent duty of care owed to her by Richardson, an assistant manager of Wal-Mart Store No. 522, Texas law bars a finding of liability against him individually.  Therefore, the Court concludes that since there is no reasonable basis to predict that the plaintiff might be able to recover against Richardson, in his individual capacity, for the claims alleged, Richardson was improperly joined.  *See Solis*, 617 F. Supp.2d at 481 (noting that an independent duty does not apply to department managers and no reasonable possibility existed that the plaintiff could recover from the department manager under Texas law); *Bourne v. Wal-Mart Stores, Inc.*, 582 F.Supp.2d 828, 838 (E.D. Tex. 2008) (reasoning that "because [the plaintiff] ha[d] failed to demonstrate the existence of any independent duty on the part of the assistant manager, Texas law precludes a finding against [her] in her individual capacity" and thus, she was improperly joined); *McKinney v. Home Depot, USA, Inc.*, No. 4:06-CV-0327-A, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006) (reasoning that a store manager was improperly joined as a defendant because the plaintiff failed to allege that he owed an independent duty to her); *Allen v. Home Depot U.S.A., Inc.*, No. Civ.A.SA-04-0CA703XR, 2004 WL 2270001, at *3 (W.D. Tex. Oct. 6, 2004) (reasoning that despite the plaintiff's contention that she asserted an independent claim against the store manager, the plaintiff also alleged that the store manager was acting in the course and scope of his employment, and, therefore, there was no possibility of recovery by the plaintiff against the store manager individually).

VI.     **CONCLUSION**

In light of the foregoing, the Court determines that the citizenship of Richardson, the in-state defendant, shall be disregarded for the purpose of determining whether diversity of citizenship exists, as he was improperly joined.   Having concluded that Richardson was improperly joined, this Court further concludes that Richardson should be **DISMISSED** as a defendant to this action.   Therefore, complete diversity of citizenship exists and the requisite amount in controversy appears facially apparent.   Accordingly, the plaintiff's motion to remand is **DENIED**.   All other relief not expressly granted herein is also **DENIED**.

It is so **ORDERED**.

SIGNED at Houston, Texas this 8th day of April, 2010.

_____
Kenneth M. Hoyt
United States District Judge